## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**

UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 8 2015

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

_____ CARL HALL _____, Plaintiff, _____

v.

_____ FNU · SHUIMARD _____,

_____ John OLIVER _____,

Federal Bureau OF Prisons (BOP) ,

_____,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

_____

## PRISONER COMPLAINT

_____

(Rev. 1/30/07)

## A. PARTIES

1. *CARL HALL # 44729-054, United States Penitentiary AdMAX-ADX*
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   *P.O. Box 8500   Florence, Colorado 81226*

2. *Defendant SHUMARO, at all times relevant to this complaint was an* ~~Lieutenant~~ *Lieutenant*
   (Name, title, and address of first defendant)
   *located at United States Penitentiary, P.O. Box 7000, or 5880 state Hwy 67 South - Florence, Colorado 81226*
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   *Defendant SHUMARO was at all times relevant to this complaint employed by the*
   *federal Bureau of Prisons (BOP), thus being a federal employee acting under color of federal law.*

3. *Defendant Oliver, at all times relevant to this complaint was warden of U.S. penitentiary*
   (Name, title, and address of second defendant)
   *Florence located at 5880 State Hwy 67 South - Florence, Colorado 81226*
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   *Defendant Oliver is employed by the Federal Bureau of Prisons as a federal*
   *employee acting under color of federal law and not state.*

4. *Defendant ("BOP") is a federal law enforcement agency subdivision of the United States*
   (Name, title, and address of third defendant)
   *Department of Justice (DOJ) located at 320 First St., NW., Washington D.C. 20534*
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   *Defendant (BOP) is responsible for the administration of federal prisons, including (ADX). The (BOP)*
   *maintains physical custody of "MR. HALL", and is charged with establishing policies and -*

(If you are suing more than three defendants, use extra paper to provide the information
requested above for each additional defendant. The information about additional defendants
should be labeled "A. PARTIES.")

## A. PARTIES

Continued from page 2:

regulations that are safe, humane, and secure for all federal penitentiaries and as such, acts under color of federal law.

5.

## B. JURISDICTION

1.  I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

    ____  28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓  28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.  I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    28 U.S.C. § 1391(b)

    28 U.S.C. § 2201, 2202

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1. This lawsuit concerns the Federal Bureau of Prisons ("BOP") staff mistreatment of Carl Hall, a prisoner housed at the United States Penitentiary Administrative Maximum facility in Florence, Colorado ("ADX"). Carl Hall seeks declaratory and injunctive relief requiring BOP to comply with its existing policies regarding employees of BOP who fail to conduct themselves in accordance with the policies and procedures, referred to as the "Standards of Conduct" as defined in (BOP) program Statement ps 3420.09 updated/revised as ps 3420.11 (standards of Employee Conduct, and also program statement 5324.11, Sexually Abusive behavior prevention program and furthermore, with the requirements of the Eighth Amendment regarding medical treatment for individuals who have been committed to its custody.

2. Plaintiff Carl Hall also seeks monetary damages In the form of compensatory and punitive Damages from defendant Shumard In his individual capacity only for use of excessive force against plaintiff Hall, including his use of wilfull and wanton sexual harassment and sexually Abusive behavior against plaintiff Hall who did not consent to such reprehensive and unconstitutional, negligent or wrongful acts or omissions.

3. Plaintiff Hall also seeks monetary damages In the form of compensatory and punitive damages from defendant Oliver In his individual capacity only for his sustained displayed deliberate indifference of plaintiff Hall reasonable safety. For defendant Oliver, being the warden was at all times relevant to this complaint charged with ensuring that Staff are made aware of updates and revisions that affect employee conduct and that all aspects of above policies and mandates ps 5324.11 are implemented, including maintaining a current Institutional supplement.

(Rev. 1/30/07)                                3

## C. NATURE OF THE CASE

CONTINUED FROM PAGE 3:

4. This court has subject matter jurisdiction over the allegations in this complaint based on 28 U.S.C. § 1331, in that the claims for injunctive relief against defendant BOP in its official capacity only arise under the United States Constitution and federal statutes. In addition the claim for declaratory relief AGAINST defendant BOP IN its official capacity only is based upon 28 U.S.C. § 2201 - in that an actual controversy exist between Defendants and plaintiff Hall over Defendants (BOP's and Oliver continuing denial of plaintiff Hall reasonable safety in violation of plaintiff Hall rights guaranteed by the United States constitution.

5. Defendants Shumard and Oliver is sued in their individual capacity only pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392-97, 91 S. Ct. 1999 (1971) (Fourth Amendment case), In that Bivens established that the victims of a constitutional violation by a Federal Agent have a right to recover damages against the federal official, in federal court despite the absence of any statute conferring such a right.

6. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b), because a (substantial) part of the acts or omissions that give rise to Plaintiff Hall's claims occurred or will occur in the District of Colorado.

7. The Eighth Amendment forbids "cruel and unusual punishment" and is probably the most important amendment for prisoners. It has been interpreted to prohibited excessive force and guard brutality, as well as unsanitary, dangerous or overly restrictive conditions. It is also the source for your right to medical care in prison.

## C. NATURE OF THE CASE

CONTINUED FROM PAGE 3/1:

8. Guards do not have the right to beat or harm a prisoner unless their action is considered "reasonable" given the situation.

9. A use of force is excessive and violates the Eighth Amendment when it is not applied in an effort to maintain or restore discipline but is used to maliciously and sadistically cause harm. Where a prison official is responsible for the unnecessary and wanton infliction of pain, the Eighth Amendment has been violated.

10. Everyone has the right to be free from rape and sexual assault in prison. The Prison Rape Elimination Act (PREA), passed by Congress in 2003, applies to all detention facilities, including federal and state prisons, jails, police lock-ups, private facilities, and immigration detention centers, and specifically recognizes that sexual assault in detention facilities can constitute a violation of the Eighth Amendment. 42 U.S.C. §15602(1). Even before PREA was passed, courts agreed that rape or sexual assault of prisoners by correctional officers violates the Eighth Amendment (holding that sexual abuse or rape by staff is "malicious and sadistic" by definition because there is no legitimate purpose for it).

11. Liability for force: Bystanders, supervisors, and municipalities law enforcement officers may be held liable not only for using excessive force but for failing to intervene when others are doing so. This principle, first asserted in police cases, applies equally in prisons and jails, and to line staff as well as supervisors.

C. NATURE OF THE CASE

CONTINUED FROM PAG 3/28

12. supervisory officials who were not even present at the beating may sometimes be held liable if ~~prove that~~ the plaintiff can show that their actions or inactions (such as failure to act against officers with records of misusing force) led to excessive force against the plaintiff. Several courts have found police supervisors liable for misuse of force by officers based on histories of inadequate training or inadequate investigation OF citizen complaints. city or county governments can be held liable if ~~the~~ the plaintiff can show that the beating was caused by a municipal policy, e.g., OF failing adequately to train and supervise staff and investigation use OF force complaints.

13. maintaining or tolerating a "code of silence" about staff misconduct ~~can support~~ can support supervisory or municipal liability defined as Deliberate indifference is a Eighth Amendment case in which falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm). That is, it amounts to recklessness. The supreme court has held that a prison official can be ~~hould~~ reckless or deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety... This is the same standard of (reckless-ness that is used in criminal law, and it is some times called the "subjective" approach to recklessness. If prison officials know that conditions are "objectively cruel" and fail to act to remedy them, they are deliberately indifferent

# D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: _Violation of Eighth Amendment of the U.S. Constitution_

1.) Supporting Facts: On August 28, 2014 around the time of 6:27 a.m. lieutenant's Shumard and Monarez and two Correctional Officers, C.O. Butz and Co. Cates without placing handcuffs on the plaintiff opened the plaintiff's cell door and entered the plaintiff's cell agressively without lawful justification nor penological interest.

2.) Lieutenant Shumard approached the plaintiff, once in striking distance of the plaintiff lieutenant Shumard raised his hand and smacked the plaintiff accrossed his upper face and head causing the plaintiff sharp, throbbing pain and discomfort.

3.) Upon the plaintiff being struck by defendant Shumard the accompanied officer, Butz walked closer in a threatening and hostile manner as the plaintiff covered up and sat on the bed. Lieutenant/Defendant Shumard began verbally threatening to further assault the plaintiff, using derogatory statements such as he should beat the plaintiff's (expletive) as he could care less about the consequences because he was retiring in 18 to 24 months.

4.) Defendant Shumard further threatened the plaintiff stating that he should direct his officers to beat the plaintiff's (expletive) as the plaintiff sat in fear for his life, remembering the past infamous staff at USP Florence referred to themselves as the Cowboys who repeatedly physically assaulted inmates housed at USP Florence under their supervision.

5. Being that the plaintiff was covered up in a defensive, protective ball to lessen any more painful physical assaults and or uses of excessive force against him by defendant Shumard, defendant Shumard yanked the plaintiff up off of the bed being only 5'4 in height and 133 pounds in weight, ran the plaintiff's head into the wall, smacked the plaintiff's head and face furthermore and demanded that the plaintiff strip naked.

6. The plaintiff being aware that he was not only out numbered but also over powered, he stripped naked as Lieutenant Shumard demanded to which Lieutenant Shumard then accompanied with/by C.O. Butz, C.O., Cates and Lieutenant Monarez began performing reprehensive and unconstitutional sexual acts/ conduct to the plaintiff, to which the plaintiff did not consent and/or give authorization to such said acts/conduct which resulted in the plaintiff being subjected to substantial and chronic physical and serious injury and harm including substantial and prolonged mental, emotional and physical distress/ aguish.

## D. CAUSE OF ACTION

CONTINUED FROM PAGE 4:

7.) Eventhough the plaintiff sustained serious physical injuries and harm, including substantial and prolonged or chronic mental, Emotional and physical distress languish, the physical-injuries and mental deterioration the plaintiff was subjected to at the hands defendant Shumard, Lieutenant Wanarez, C.O. Butz, and C.O. Cates was disregarded by the warden OF the institution/Facility and collectively the ("FEDERAL Bureau OF-Prisons - "BOP"")

8. The plaintiff used the prisoner Grievance procedure available at U.S. penitentiary Florence on August 28, 2014, by Filing a Sensitive - Request For Administrative Remedy (BP-9) to the warden presenting the Facts Relating to this complaint. On September 15, 2014, the warden sent a response to the plaintiff Stating "A review OF the Issue raised in the plaintiff's request For Administrative Remedy was conducted, and that allegations OF staff misconduct are taken very serious and that the plaintiff's allegation OF staff misconduct was referred to the appropriate Bureau component For Further review. However inmates do not have any entitlements to be informed OF the outcome OF the review, or if applicable, the administrative action taken against staff.

9. On September 17, 2014 the plaintiff appealed the warden's response, to the regional-director Requesting some Form OF protection, and notifying the regional director that no investigation into his claims were conducted, nor did the special (Investigative agent (S.I.A) Rhodes conduct an Interview OF him, and that he was in Fear For his life as he repeatedly Received threats from OFFicers and he Felt as though the custody security Is not trustworthy.

411

### D. CAUSE OF ACTION

Continued From Page 4/1 :

10.) On October 2, 2014, the regional director in part reiterated the warden's September 15, 2015 response. On October 22, 2014, the plaintiff appealed the regional director's response to the Office of General Counsel/Central Office. On February 23, 2015 the acting Administrator of National Inmate Appeals, one employee for the Federal Bureau of Prisons (BOP) in part reiterated the warden's and regional director's response's.

11.) On or about June, 2015 in retaliation for utilizing the Administrative remedy program procedures against defendant Shumard, the plaintiff was transfered to the more restrictive, secured, institution in the nation known as ADX Florence referred to as the alcatraz of the rockies and thus being further subjected to negligent or wrongful Acts or omissions that impose "Atypical and significant Hardship on the plaintiff's in relation to the ordinary incidents of prison life".

12.) Defendant Shumard's aforesaid / Aforegoing negligent or wrongful acts or omissions as realleged and incorporated by the plaintiff by and through reference of paragraphs 1-12 was not only inviolation of the policies and mandates of (BOP) program statements 3420.09 updated/revised to 3420.11, standards of employee conduct, stating in part: An employee may not use brutality, physical violence, or intimidation toward inmates, or use any force beyond what is reasonably necessary to subdue an inmate. It further states in part: An employee may not use physical violence, threats, or intimidation toward any person visiting a Bureau work site or toward fellow employees, nor in their official capacity, may they use profane, obscene, or abusive language when -

D. CAUSE OF ACTION

CONTINUED FROM PAGE 4/2:

communicating with inmates, fellow employees, or others. Employees shall conduct themselves in a manner that will not be demeaning to inmates, fellow employees, or others. The above requirements also apply to situations where there is a nexus between the employee's conduct and his/her position. In addition to the aforesaid policy.

13) Defendant Shummard's negligent or wrongful acts or omissions aforegoing as realleged and incorporated by the plaintiff by and through reference of paragraphs 1-12 was also in violation of program statement 5324.11, Sexually Abusive Behavior Prevention-and Intervention Program, which STATES IN part: The Bop provides a written policy that implements zero tolerance towards all forms of sexual activity, including sexual abuse and sexual harrassment, and to provide guidlines to address the following prohibited and/or illegal sexually abusive behavior involving: staff perpetrator against inmate victim. It further states Inpart: victims of sexually abusive behavior receive prompt and effective response to their physical, psychological, and security needs; Allegations of sexually abusive behavior receive prompt intervent upon report; and "The perpetrators of sexually abusive behavior will be disciplined and, when appropriate, prosecuted in accordance with Bureau policy and federal law.

14) Plaintiff hall incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

15) Defendant Shumard used excessive force against the Plaintiff and further subjected the Plaintiff to sexual harrassment and sexually abusive behavior by ramming the

D. CAUSE OF ACTION

CONTINUED FROM PAGE 4.13:

head into the wall, smacking the plaintiff repeatedly across his face and head, demanding the plaintiff strip naked, and then sexually abusing the plaintiff against his will when the plaintiff was not violating any prison rule, and was not acting disruptively. Defendant Shumand's actions violated Plaintiff Hall's rights under the Eighth Amendment to the United States constitution, and caused Plaintiff Hall pain, suffering, physical injury and substantial and chronic/prolonged mental, emotional and physical Distress/Anguish.

16. Plaintiff Hall has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irrepeasrably injured by the conduct of the defendants unless this court Grants the requested relief which the plaintiff seeks.

4.14

2. Claim Two: *Violation of the Eighth Amendment to the U.S. constitution*

Supporting Facts:

1. On August 28, 2014 plaintiff Hall was ~~seriously assaulted~~ physically and sexually By Defendant shumard and several other USP Florence custody staff and official's, in conjunction with being threatened.

2. On August 28, 2014, plaintiff drafted a formal complaint via Administrative remedy program, against defendant shumard straight to defendant oliver, he being the warden who over sees the safety, security, and orderly running of the institution, To which the plaintiff requested charges to be brought against officer shumard and notified defendant oliver his safety and security was at risk at USP Florence.

3. defendant oliver received the formal complaint against defendant shumard on September 4, 2014 with plaintiff Hall explaining the issue of concern as enumerated at claim one paragraphs 1-7 to which defendant oliver reiterated plaintiff Hall's claim in part, stating that in part: a review of the issue raised in the plaintiff's request for Administrative remedy was conducted, and that Allegations of staff misconduct are taken very serious and that the plaintiff's Allegation of staff misconduct was referred to the Appropriate Bureau component for further review.

4. By September 17, 2014 no investigative supervisor such as special investigative Agent Rhodes, The assigned (SIA) ever came to interview the plaintiff nor take pictures of the plaintiff's physical injuries, or the scene where the Assault took place As required pursuant to the policies and mandants of (Bop)/program statement) 5324.11, sexually Abusive behavior prevention program which clearly charges the warden of the institution such as defendant oliver to ensure that all aspects of the said policies and mandates are implemented which defendant oliver deliberately failed to do resulting in the plaintiff receiving threats of being subjected to further more physical violence at the hands of USP florence officers and further fearing for his life from those officers who at all times relevent to the complaint was under the Authority and/or supervision of defendant oliver.

5. plaintiff incorporate by reference the foregoing paragraphs of this complaint as though fully set forth herein.

6. As described herein, by his policies and practices, Defendant oliver subject Plaintiff to a risk of serious harm and injury by failing to establish and maintain a program and/or practices to adequately provide protection from staff assaults upon inmates, and including but not limited to medical, mental health treatment and care, After incident investigations including preservation of physical a/or forensic evidence, Defendant oliver have been deliberately indifferent to this substantial risk of serious harm to the plaintiff.

7. Defendant oliver have been and are aware of all the deprivations complainted of herein, and have condone or been deliberately indifferent to such conduct, and to the plaintiff's reasonable safety.

D. CAUSE OF ACTION

Claim Two : violation of Eighth Amendment to the U.S. constitution
continued from Page 5 :

8. Defendant Oliver's policies and practices are the proximate cause of the Plaintiff's deprivation
of rights under the Eighth Amendment.

5/1

3.   Claim Three:   Violation Of the Eighth Amendment to the U.S. Constitution

Supporting Facts:

1. Defendant (Bop) is a federal law enforcement Agency subdivision of the United States Department of Justice, and is responsible for the administration of federal prisons, including ADX and USP Florence. The Defendant (Bop) maintains physical custody of the plaintiff. Defendant Bop is charged with establishing policies and regulations that are safe, humane, and secure for all federal penitentiaries and other prison facilities.

2. Defendant Bop is responsible for operating USP Florence and for ensuring that the plaintiff's constitutional and other legal rights are respected. Defendant Bop has failed to meet those obligations to the plaintiff.

3. Defendant Bop's constitutional violations have repercussions beyond the harm caused to the plaintiff who was subjected to physical Assault or Excessive use of force and threats of further physical violence By defendant Shumard's willful and wanton actions Leaving the plaintiff with not only serious physical Injuries but also with deteriorated mental Health to which Both Received no Medical treatment or care to which Subjected the plaintiff to further injury and harm and risk of future injury and harm by Agents and Employees of defendant Bop who the plaintiff put on notice with his filings and subsequent Appeals of Administrative remedies, via defendant Bop's written and established policies and mandates of the Administrative remedy program In which such dates defendant Bop not only observed, but logged in its Sentry Bop computer system.

4. plaintiff incorporate by reference the foregoing paragraphs of this complaint as though Fully forth herein.

5. As described herein by its policies and practices, Defendant ~~Bop state~~ Subject plaintiff to a risk of Serious harm and injury by failing to establish and maintain a program and/or practices to adequately provide protection from staff Assaults upon inmates, and Including but not limited to Medical and Mental Health treatment and care, After Incident Investigations Including But limited to preservation of physical &/or forensic Evidence. Defendant Bop have been deliberately indifferent to this substantial risk of serious harm to the plaintiff.

6. Defendant Bop have been and are aware of all the deprivations complained of herein, and have condone or been deliberately indifferent to such conduct, and to the plaintiff's reasonable safety.

7. Defendant Bop's policies and practices are the proximate cause of the plaintiff's deprivation of rights under the Eighth Amendment.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1.  Name(s) of defendant(s) in prior lawsuit:                              N/A

2.  Docket number and court name:                              N/A

3.  Claims raised in prior lawsuit:                              N/A

4.  Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):                              N/A

5.  If the prior lawsuit was dismissed, when was it dismissed and why?                              N/A

6.  Result(s) of any appeal in the prior lawsuit:                              N/A

## F. ADMINISTRATIVE RELIEF

1.  Is there a formal grievance procedure at the institution in which you are confined?

    ✓ Yes ___ No  (CHECK ONE).

2.  Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1. Grant plaintiff Hall a Declaration that the acts and omissions described herein violate his rights under the constitution and laws of the united states, and

2. Grant plaintiff Hall a preliminary and permanent injunction ordering defendant Bop to compel its Agents, Employees, their successors in office and all those acting in concert and/or inparticipation with them to Adhere to the policies and mandates of (Bop) program-Statement 5324.11, 28 C.F.R 115.5-115.405, and conduct an investigation into the plaintiffs allegations of Excessive force or physical Assault being on him including sexual assault or Abuse following a uniform evidence protocol that maximimizes the potential for obtaining usable physical evidence for administrative proceedings and criminal prosecutions. Such investigation should be conducted by the facH facility's special Investigative Agent (S.I.A) furthermore inconjunction with the investigation their should Be mental Health treatment and care provided.

3. Grant plaintiff Hall a preliminary injunction ordering defendant Bop to place plaintiff Hall on protective custody status from defendant Shumard, his Agents, successors in office and all those acting in concert and/or inparticipation with him such as but not limited to: lieutenant-Montanez, correctional officers' FNU-Butz, and FNU Cates.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___8-27-2015___
(Date)

_____
(Prisoner's Original Signature)

## G. REQUEST FOR RELIEF

CONTINUED from PAGE. 8:

4. Grant A preliminary and permanent injunction ordering defendants Bop to compel defendant Shumard his AGENTs, successors in office, Employees, Employees and those acting in concert and in participation with him / them to cease their physical violence and threats towards plaintiff Hall, and

5. Grant Plaintiff Hall compensatory damages in the amount of $ 100,000 $^{00}$ against each defendants Shumard and Oliver Jointly and severally in their individual capacities only.

6. Grant Plaintiff Hall punitive damages in the amount of $ 250,000 $^{00}$ against each defendants Shumard and Oliver Jointly and severally in their individual capacities only.

7. Plaintiff Hall also seek a jury trial on all issues triable by jury,

8. Plaintiff also seek recovery of his costs in this suit, and

9. Any additional relief this court deems just, proper, and equitable.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. see 28 U.S.C. 1746; 18 U.S.C. § 1621.

## G REQUEST FOR RELIEF

CONTINUED FROM PAGE 8/1:

Executed on ___8-27-2015___
  (Date)

_____
(Prisoner's Original Signature.)

8/2

LEAVENWORTH, KANSAS

8/28/14 2 copies

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

SENSITIVE BP-9   S.I.A NEEDED

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: HALL CARL                    44729-054         SHU         FLORENCE
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT        INSTITUTION

Part A- INMATE REQUEST  → CHECK VIDEO - REVIEW CAMERA - SAVE FOOTAGE 8-28-2014 6:27 P.M

WARDEN J. OLIVER:        AT 6:27 P.M. LT. SHUMARD, LT. MONAREZ, C.O. BUTZ, AND
C.O. CATES, WITHOUT HAND CUFFING ME OPENED MY CELL DOOR AND CAME IN
MY CELL AGGRESSIVELY, AS LT. SHUMARD APPROACHED ME, HE RAISED HIS
HAND AND SMACKED ME ACROSSED MY UPPER FACE AND MY HEAD, THEN
C.O. BUTZ WALKED CLOSER AS I COVERED UP AND SAT ON THE BED. LT. SHUMARD
BEGAN TALKING THREATENING TO BEAT MY ASS, HE ALSO SAID, HE CARELESS
ABOUT THE CONSEQUENCES BECAUSE HE RETIRE IN 18 TOO 24 MONTHS, THEN SAID,
I SHOULD LET MY OFFICERS BEAT YOUR ASS. AS I SAT IN FEAR FOR MY LIFE
REMEMBERING THE COWBOYS STAFF HERE AT U.S.P FLORENCE BEATING INMATES BY
ACTIONS THIS INCIDENT REFLECTS, I AM SCARED. LT. SHUMARD BROKE P.S. 3420.09 AS
HE ALSO BROKE THE LAW, LT. SHUMARD ASSAULTED ME CARL HALL AND I WANT TO
8-28-2014   PRESS CHARGES AGAINST LT SHUMARD IN THE COURT OF LAW!
          MY SAFETY AND MY SECURITY AT RISK HERE SIGNATURE OF REQUESTER CARL HALL

Part B- RESPONSE

_____                    _____
DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: 792759 - F1

                                                CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT        INSTITUTION

*SENSITIVE BP-9*

**BP-229 Response**                                    **Case Number:  792759-F1**

Your Request for Administrative Remedy dated August 28, 2014, and received in this office on September 4, 2014, has been reviewed.  You claim staff entered your assigned cell and slapped you across your upper head and face.

A review of the issue raised in your Request for Administrative Remedy has been conducted.  Allegations of staff misconduct are taken very seriously.  Your allegation of staff misconduct has been referred to the appropriate Bureau component for further review.  However, inmates do not have any entitlements to be informed of the outcome of the review, or if applicable, the administrative action taken against staff.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492

_____                      9/15/14
J. Oliver, Warden                                   Date

U.S. Department of Justice.
Federal Bureau of Prisons

BP - 10

**Regional Administrative Remedy Appeal**

A

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: HALL · CARL          44729-054      SHU       FLORENCE
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A - REASON FOR APPEAL

REGIONAL DIRECTOR, I AM UN-SATISFIED WITH WARDENS
RESPONSE... (1) WARDEN J. OLIVER DID NOT SEND ANY STAFF TO SPEAK
TO ME OR INVESTIGATE THE ASSAULT! (2) S.I.A RHODES NEVER EVER
CAME TO TAKE PHOTO'S OR INVESTIGATE THE SCENE! (3) I AM SCARED
AND IN FEAR OF MY LIFE AND HAVE GOTTEN THREATS FROM C.O.'S! I
WOULD LIKE SOME FORM OF PROTECTION, I DON'T FEEL SAFE AND THIS
CUSTODY SECURITY IS NOT TRUST-WORTHY. LT. SHUMARD IS VERY
DANGEROUS AND HAS VIOLATED P.S. 3420.09 AS WELL AS BROKE THE LAW.

9-17-2014     SEEKING TO BE MOVED A.S.A.P          CARL HALL
DATE                                          SIGNATURE OF REQUESTER

Part B - RESPONSE

_____                    _____
DATE                                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 792759 - R 1

Part C - RECEIPT

                                          CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

*BP-10*

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**:  792759-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 29, 2014, in which you allege staff misconduct.   Specifically, you allege staff assaulted you.   For relief, you request some form of protection and to be moved as soon as possible.

A review of the information presented in your Regional Administrative Remedy Appeal and the Warden's response dated September 15, 2014, has been completed.    We have reviewed your appeal and the Warden's response.   All allegations of staff misconduct are taken seriously.   Your allegations have been forwarded to the appropriate authority for review.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_10-3-14_
Date

_Paul M. Laird, Regional Director_

Federal Bureau of Prisons                                                    BP-11

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **HALL CARL**                    **44729-054**      **SHU**        **FLORENCE**
       LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.            UNIT            INSTITUTION

**Part A - REASON FOR APPEAL**   PLEASE PLEASE UNDERSTAND THAT JUST BECAUSE ALL THE
STAFF MISCONDUCT ALLEGATIONS ARE TAKEN SERIOUSLY BY B.O.P DOESN'T MEAN
THEY ARE NOT HAPPENING. LT. SHUMARD PUT HIS HAND ON ME, LET ALONE OPENED
MY CELL DOOR WITHOUT HAND CUFFING ME AND ENTERED AGGRESSIVELY. WHAT ELSE
WAS LT. SHUMARD INTENTIONS? HE COULD TALK THROUGH THE DOOR! EXACTLY,
TO ASSAULT CARL HALL, CAUSE BODILY HARM TO ME! PLEASE PLEASE REVIEW
VIDEO CAMERA FOOTAGE 8-28-2014, 6:27 P.M.! LT. SHUMARD AS AN INDIVIDUAL
IN HIS OWN CAPACITY HAS REPEATEDLY VIOLATED P.S. 3420.09 WHICH GOVERNS
ALL B.O.P EMPLOYEES. P.S. 3420.09 PAGE 2(D) PERSONAL CONDUCT STATES "AN
EMPLOYEE MAY NOT USE BRUTALITY, PHYSICAL VIOLENCE OR INTIMIDATION TOWARDS
INMATES, LT. SHUMARD USED ALL OF THE ABOVE ON ME, THEREFORE, ALL EVIDENCE
POINTS TO HIS UN-PROFESSIONAL CONDUCT. AT TIMES I AM AFRAID FOR MY LIFE
DO TO STAFF THREATENING ME FOR THE LT, I WOULD LIKE TO BE MOVED TO A SAFER

__10-22-2014__ LOCATION A.S.A.P!              __CARL HALL__
      DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                                    _____
      DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _792759-A1_

**Part C - RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                    ☸                _____
      DATE                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN               PRINTED ON RECYCLED PAPER                              BP-231(13)
                                                                            JUNE 2002

*BP-11*

**Administrative Remedy No. 792759-A1**
**Part B - Response**


This is in response to your Central Office Administrative Remedy Appeal where you allege, on August 28, 2014, a Lieutenant at USP Florence entered your cell in the Special Housing Unit and physically assaulted you when he "smacked you across your upper face and head." You also state you fear for your life as staff has threatened you on behalf of the Lieutenant. You request to be moved to a safer location as soon as possible.

The Warden and Regional Director adequately addressed your complaint and advised your allegations have been referred to the proper authority for review pursuant to Program Statement 3420.11, <u>Standards of Employee Conduct</u>. A thorough review will be conducted and appropriate action taken as deemed necessary. If you have a specific safety concern or feel you have been subjected to further staff misconduct since August 28, 2014, you should advise staff immediately so a review can be conducted.

This response is provided for informational purposes.


_____2/23/2015_____
Date

_____
Acting Administrator
National Inmate Appeals

# NOTICE OF CRIMINAL ACTION
## ON UNITED STATES EMPLOYEE

NAME: CARL HALL                    DATE OF REPORT: 8-28-14
P.O. BOX 8500                      DATE OF INCIDENT: 8-28-14
FLORENCE, COLORADO
81226-8500              NAMES OF STAFF INVOLVED
LT. SHUMARD, C.O. BUTZ,
AGENCY: FEDERAL BUREAU OF PRISON   C.O. CATES, LT. MONAREZ,
LOCATION OF INCIDENT: U.S.P        AND S.I.A RHODES!

DESCRIPTION OF INCIDENT: LAW ENFORCEMENT OFFICIALS SHALL ENSURE THE FULL PROTECTION OF THE HEALTH OF PERSONS IN THEIR CUSTODY, AND, IN PARTICULAR, SHALL TAKE IMMEDIATE ACTION TO SECURE MEDICAL ATTENTION WHENEVER REQUIRED. (A) "MEDICAL ATTENTION" WHICH REFERS TO SERVICES RENDERED BY ANY MEDICAL PERSONNEL, INCLUDING CERTIFIED MEDICAL PRACTITIONERS AND PARAMEDICS, SHALL BE SECURED WHEN NEEDED OR REQUESTED. (B) WHILE THE MEDICAL PERSONNEL ARE LIKELY TO BE ATTACHED TO THE LAW ENFORCEMENT OPERATION, LAW ENFORCEMENT OFFICIALS MUST TAKE INTO ACCOUNT THE JUDGEMENT OF SUCH PERSONNEL WHEN THEY RECOMMEND PROVIDING THE PERSON IN CUSTODY WITH APPROPIATE TREATMENT THROUGH, OR IN THE CONSULTATION WITH, MEDICAL PERSONNEL FROM OUTSIDE LAW ENFORCEMENT OPERATION. (C) IT IS UNDERSTOOD THAT LAW ENFORCEMENT OFFICIALS SHALL SECURE MEDICAL ATTENTION FOR VICTIMS OF VIOLATIONS OF LAW OR OF ACCIDENTS OCCURING IN THE COURSE OF VIOLATIONS OF LAW. "THE AFOREMENTIONED STAFF SEXUALLY ASSAULTED ME AND I'M IN PSYCHOLOGICAL PAIN"!   TRUE BILL (1 OF 3)

# "AFFIDAVIT"

JULY 13, 2015                          SUPPORTING AFFIDAVIT (2)

RE: SEXUAL ASSAULT:                    PAGE EXHIBIT PURSUANT

CONTINUATION OF INCIDENT               TO RULE 10 (c)

# EMERGENCY

(1) I CARL HALL, HERE IN AFTER UNDERSIGNED BEING OF THE
MAJORITY IN AGE, COMPETENT TO TESTIFY, HAVING FIRST HAND
KNOWLEDGE OF THE BELOW, FIRST BEING DULY SWORN, STATE THE
BELOW IS TRUE AND CORRECT, NOT INTENDED TO MISLEAD AS
STATED UNDER THE PAINS AND PENALTIES OF PERJURY ACCORDING
TO LAW.

(2) UNDERSIGNED IS CURRENTLY HOUSED IN THE SPECIAL HOUSING UNIT (SHU),
NEVER EVER HAVING CONSENTED TO BE SUBJECTED TO SEXUAL ASSAULT, TORTURE
OR ILLEGAL OVERT ACTS PRACTICES BY ANY PUBLIC OFFICIAL OR OFFICER,
WHEREAS ON THE EXACT DATE OF 8-28-14  6:27 PM REVIEW THE
CAMERA FOOTAGE, FBOP STAFF, LT. SHUMARD, C.O. BUTZ, AND
C.O. CATES, LT. MONAREZ, ENTERED MY ASSIGNED CELL
ON B-RANGE IN SHU IN WHICH THE SHU SECURITY
CAMERA WILL SHOW. THE AFOREMENTIONED RACIST TERRORIST
RAN MY HEAD INTO THE WALL, SMACKED MY HEAD AND FACE,
TOLD ME TO STRIP NAKED AND BEGAN PERFORMING SEXUAL
ACTS ON MY PERSON, I AM 5"4 AND 133 POUNDS. I HAD NO CHOICE
EXCEPT TO DO AS TOLD, I FILED BP 8, 9, 10, 11 ADMINISTRATIVE REMEDY,
REQUESTED S.I.A INVESTIGATION, BUT YET IN TURN WAS SHUT UP AND
PLACED IN ADX/MAX INSTEAD OF BEING TRANSPORTED TO A
HOSPITAL AND OR ANOTHER FACILITY. THIS DOCUMENT IS
ARGUED BY FACTS ONLY DUE TO THE FACTS THAT NO LAW ENFORCEMENT
OFFICIALS MAY INFLICT, TORTURE, INSTIGATE, DEGRADE, ANY INMATES.

TRUE BILL (2 OF 3)

July 13, 2015

No Law Enforcement Official Shall Invoke Cruel Inhumane Treatment Or Punishment By Superior Orders Or Exceptional Circumstances Such As A State Of War Or A Threat Of War, A Threat To National Security, Internal Political Instability Or Any Other Public Emergency As A Justification Of Torture Cruel Punishment. "I REQUEST AN EMERGENCY TRANSFER AND MEDICAL TREATMENT, ALSO PSYCHOLOGICAL THERAPY"! All Rights To Litigation A Right To Protect Oneself, Property, Liberty Are Reserved Under The First Amendment Redress Of Grievance Against The Government And The Ninth Amendment Reservation To Hold All Public Officials To The Highest Standards And Knowledge Of The Law, Undelegated Rights And The Privileges Guaranteed By The Constitution Of The U.S., No Government Branch Can Authorize An Unconstitutional Act.

(3) Undersigned Proclaims All Officials In Receipt Of This Instrument Hold A Positive Self-Executing Duty To Act On Known Abuse Of The Constitution, Statues And Statements In The United States Code. Being That This Instrument Presents A Complaint In The Form Of A Memorandum Of Facts And Law Expeditious Reporting To The Level Of Government Required To Facilitate Correct Action Is Mandatory As An Operation Of Law. Undersigned Moves This Honorable Office Of Inspector General To Provide Immediate Redress Of Grievance Against The Corrupt U.S.P. | ADX Staff Under The Law Pursuant To Prohibited Personnel Practices Defined In S.U.S.C § 2302 (B) And Title 18-USC-249 Hate Crimes Act. This Affidavit Is True And Correct, In True Testimony, I Affixed My Signature On 16 Day Of July, 2015.

TRUE BILL (3 of 3)

SIGNATURE OF AFFIDAVIT (AFFIANT) Carl Hall

SIGNATURE OF WITNESS

NOTICE TO AGENT IS NOTICE TO PRINCIPAL

NOTICE TO PRINCIPAL IS NOTICE TO AGENT


CERTIFICATE OF SERVICE

JULY 16, 2015

       THIS EMERGENCY NOTICE OF CRIMINAL ACTION WAS ~~xxx~~ LODGED IN THE NATIONAL POSTAL MAIL ON THIS 16 DAY OF JULY, IN THE YEAR OF 2015 A.D.


ADDRESS OF OFFICE :

U.S. DEPARTMENT OF JUSTICE

OFFICE OF THE INSPECTOR GENERAL

950 PENNSYLVANIA AVE, N.W.

WASHINGTON, DC 20530


RETURN ADDRESS OF PLANTIFF :

   CARL HALL

   44729-054

  P.O. BOX 8500

  USP MAX ADX

FLORENCE, COLORADO

     81226-8500


TRUE BILL (1 OF 1)