IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01949-GPG

CARL HALL,

    Plaintiff,

v.

SHUMARD, FNU,
JOHN OLIVER, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

Plaintiff Carl Hall is in the custody of the Federal Bureau of Prisons (Bureau) and currently is incarcerated at ADMAX in Florence, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that has been granted.

On September 14, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint and state how each responsible defendant participated in any alleged constitutional violations. Plaintiff was instructed that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that, to state a claim against a government official for conduct that arises out of supervisory responsibilities, Plaintiff must assert that the official is

1

responsible for creating, implementing, or the continued operation of a policy and that the official caused a harm and acted with the state of mind required to establish the alleged deprivation. Furthermore, Plaintiff was instructed that he cannot maintain a claim against prison officials or administrators on the basis that they denied his grievances. Plaintiff also was told that if he failed to amend within the time allowed the Court would dismiss the Complaint in part and proceed with only the properly asserted claims in the original Complaint. Plaintiff now has not amended within the time allowed. Accordingly, the Court has proceeded to review the merits of the original Prisoner Complaint filed on September 8, 2015.

Plaintiff asserts this action pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the Bureau and two Bureau employees. Plaintiff asserts that Defendant Shumard used excessive force against him on August 28, 2014, which resulted in serious physical injury. Plaintiff seeks compensatory damages against Defendant John Oliver, punitive damages against Defendant Shumard, and preliminary and permanent injunctive relief against Defendant Federal Bureau of Prisons. Specifically, Plaintiff seeks an investigation, placement in protective custody, and a directive for Defendant Shumard to stop using excessive force against him.

Because Plaintiff has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action or any claims if the claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

For the reasons stated below, the Complaint and action will be dismissed in part as legally frivolous.

"*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs." *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002); *see also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001) (in *Bivens*, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights"). *Bivens* actions may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. *See Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity"). The claims asserted against Defendant Shumard, therefore, will be drawn to a presiding judge and when applicable to a magistrate judge.

The remaining Defendants, Oliver and Federal Bureau of Prisons, will be dismissed for the following reasons.

A *Bivens* remedy has never been considered a proper vehicle for altering an entity's policy, unlike injunctive relief, which "has long been recognized as the proper means for preventing entities from acting unconstitutionally." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001). Nonetheless, a request for injunctive relief

against Bureau subordinate officials is not construed as a suit against the Bureau because an injunction against the named individuals would not be granted against the BOP. *See Jordan v. Sosa*, 654 F.3d 1012, 1031 (10th Cir. 2011). The Bureau, therefore, will be dismissed.

Finally, Plaintiff fails to state specific facts that demonstrate Defendant Oliver personally participated in the asserted constitutional violations. Plaintiff was told in the September 14, 2015 Order to Amend that the denial of a grievance without any connection to the violation of a constitutional right alleged by a plaintiff does not establish personal participation, ECF No. 5 at 3, and a supervisor may not be held liable for the unconstitutional conduct of his or her subordinates, *id.* at 2. Therefore, Plaintiff's claims for damages against Defendant Oliver pursuant to *Bivens* will be dismissed. Accordingly, it is

ORDERED that Defendants Federal Bureau of Prisons and John Oliver will be dismissed from the action because the claims for relief asserted against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the claims asserted against Defendant Shumard shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2015.

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court