IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 15-cv-01949-RBJ-MJW

CARL HALL,

Plaintiff,

v.

SHUMARD, Lt., FNU, in his individual capacity,
MONAREZ, Lt., FNU, in his individual capacity,
BUTZ, C.O., FNU, in his individual capacity,
CATES, C.O., FNU, in his individual capacity,
JOHN OLIVER, Warden, in his individual and official capacity,
D. RHODES, in his individual and official capacity, and
FEDERAL BUREAU OF PRISONS, in its official capacity,

Defendants.

---

ORDER

---

This matter is before the Court on defendants Lieutenant Shumard, Lieutenant Monarez, Correctional Officer Butz, and Correctional Officer Cates' motion to dismiss [ECF No. 41]; defendants Warden Oliver, Special Investigative Agent Rhodes, and the Federal Bureau of Prisons' (BOP) motion to dismiss [ECF No. 60]; and the respective recommendations of Magistrate Judge Michael J. Watanabe [ECF Nos. 53, 97]. Judge Watanabe recommends that this Court grant in part and deny in part defendants Shumard, Monarez, Butz, and Cates' motion, ECF No. 53 at 6, and grant defendants Oliver, Rhodes, and the BOP's motion, ECF No. 97 at 9. His recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed.

R. Civ. P. 72(b).

## BACKGROUND

A detailed summary of the procedural and factual background of this case was provided in Judge Watanabe's reports. In brief, plaintiff Carl Hall alleges that he was physically and sexually assaulted by defendants Shumard, Monarez, Butz, and Cates on August 28, 2014. ECF No. 40 ¶¶ 28–55. He views this alleged attack as retaliation for repeatedly filing grievances with the prison about staff mistreatment of him. *Id.* ¶¶ 29–40. He also asserts that defendants Oliver, Rhodes, and the BOP failed to investigate the alleged assault and failed to protect him afterward by not placing him in protective custody, and instead transferring him to the United States Penitentiary Administrative Maximum Facility (ADX) without regard for the effects of that facility's extreme solitary confinement on his mental health. ECF No. 40, Ex. 1 ¶¶ 87–90, 101–14.

Mr. Hall's Second Amended Complaint raises four causes of action based on these events. Specifically, he claims to have suffered violations of his Eight Amendment rights due to (1) defendants Shumard, Monarez, Butz, and Cates' use of excessive force against him, (2) defendants Oliver and Rhodes' failure to protect him from abuse, and (3) the BOP's failure to provide him with adequate mental health treatment. ECF No. 40 ¶¶ 27–77; ECF No. 40, Ex. 1 ¶¶ 78–114. He also claims retaliation by defendants Shumard, Monarez, Butz, Cates, Oliver, and Rhodes for filing grievances with the prison, which violates his First Amendment rights. ECF No. 40 ¶ 29. These constitutional claims are brought against the federal officer defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and against the BOP under 28 U.S.C. § 1331.

Defendants have moved to dismiss these claims. ECF Nos. 41, 60. Judge Watanabe recommended that this Court grant defendants' motions insofar as Mr. Hall seeks damages based on First Amendment retaliation; grant the motions with respect to defendants Oliver, Rhodes, and the BOP; and deny the motions with respect to the remaining claims against defendants Shumard, Monarez, Butz, and Cates. ECF No. 53 at 6; ECF No. 97 at 10. Mr. Hall has objected to several portions of these recommendations, first pro se, ECF No. 76, and later through counsel, ECF No. 113.

## STANDARD OF REVIEW

### A. Magistrate Judge Recommendation.

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Rule 12(b)(6).

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210

(10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

**C. Pro Se Party.**

When a case involves a pro se party, the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "broad reading" of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Pro se parties must "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**ANALYSIS**

Mr. Hall objects to Judge Watanabe's recommendation that defendants' motions be granted on several grounds.

First, Mr. Hall argues that his First Amendment retaliation claim should not be dismissed because he can present evidence to support it. ECF No. 76 at 1, 3. Mr. Hall's pro se

submissions are very well written, but this argument misses the mark. To overcome a motion to dismiss, Mr. Hall must show that the facts alleged, if accepted as true, state a plausible legal claim to relief. At this stage it does not matter whether Mr. Hall possesses enough evidence to prove his First Amendment retaliation claim at trial. Instead, the relevant question is whether Mr. Hall's asserting a *Bivens* cause of action for First Amendment retaliation states a claim upon which relief can be granted. It does not. As Judge Watanabe explained, and Mr. Hall's attorney later conceded, courts have explicitly refused to recognize a *Bivens* claim for damages based on an alleged violation of the First Amendment. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Bush v. Lucas*, 462 U.S. 367, 390 (1983); *Williams v. Klien*, 20 F. Supp. 3d 1171, 1174 (D. Colo. 2014); *see also* ECF No. 113 at 3 n.5 ("Counsel for Plaintiff concurs that courts have not recognized *Bivens* remedies for First Amendment violations."). Mr. Hall does not argue that the Court should break with precedent and recognize such a *Bivens* action here. Therefore, this objection cannot stand.

Second, Mr. Hall contends that his First Amendment retaliation claim is better understood as a viable Fifth Amendment due process claim. ECF No. 113 at 2, 5.[1] He points out that the alleged attack came as retaliation for his attempts to use the legal process, not just for regular speech. *Id.* at 2 n.3. However, it is the "First Amendment [which] prohibits a prison official from retaliating against a prisoner for filing a lawsuit" or otherwise using the legal system. *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014) (unpublished). Indeed, the First Amendment, not the Fifth, guarantees "the right of the people . . . to petition the government for a redress of grievances." U.S. Const. amend. I.

[1] This and all subsequent objections are raised through counsel.

Moreover, Mr. Hall has not pled facts to state a claim for a due process violation. "A person alleging that he has been deprived of his right to procedural due process must prove two elements: that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and that he was not afforded an appropriate level of process." *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotation marks and citations omitted). As to Mr. Hall's administrative grievances, "federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure." *Rauh v. Ward*, 112 F. App'x 692, 694 (10th Cir. 2004) (unpublished) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). And even assuming that Mr. Hall has a liberty interest in using the legal system to lodge these complaints against prison officials, he does not allege that he has been deprived of this interest without due process of law. Instead, this very case demonstrates that Mr. Hall has been afforded access to the legal system. Thus, Mr. Hall's purported Fifth Amendment claim lacks merit.

Next, Mr. Hall objects that the BOP's holding Mr. Hall in near-total isolation violates not only his Eighth Amendment rights, but also his First Amendment right to speak to and associate with others. ECF No. 113 at 2, 5. This is a creative legal theory, but "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Mr. Hall's Second Amended Complaint makes no mention of his speech and association rights, and he cites no cases for the notion that these rights could overcome keeping a prisoner in solitary confinement, so this objection is waived.

Mr. Hall also argues against dismissing his claim that the BOP itself violated his Eight Amendment rights by transferring him to ADX despite his mental health issues. He styles this

claim as one of "deliberate indifference to serious medical needs." ECF No. 40, Ex. 1, at *5 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). But the "deliberate indifference" standard "mandate[s] inquiry into a prison official's state of mind." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). As Judge Watanabe explained, "An institution cannot have the 'culpable state of mind' required for liability on this type of claim." ECF No. 97 at 8.

Nevertheless, construing Mr. Hall's Second Amended Complaint liberally, he has adequately stated a claim against the BOP for injunctive relief from its alleged violation of his Eighth Amendment rights. The Administrative Procedure Act (APA) allows federal courts to review final agency actions to ensure that they are not "contrary to constitutional right" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A)–(B). Mr. Hall's claims readily fit within the ambit of the APA. He alleges that the BOP's internal policy states that prisoners "currently diagnosed as suffering from serious psychiatric illness should not be referred for placement at . . . ADX." ECF No. 40, Ex. 1, ¶ 105. This policy apparently reflects BOP's awareness that such placement "may be . . . counterproductive" for prisoners with mental illness. *Id.* ¶ 103. Mr. Hall also alleges that BOP violated this internal policy in placing him at ADX after an ADX psychologist found that placement there is likely to "exacerbate" his mental health condition. *Id.* ¶ 106–07. And as Judge Watanabe discussed, Mr. Hall alleges that he described "his mental illness to Defendant Oliver as a reason why he should not be transferred to ADX." ECF No. 97 at 8. The BOP is therefore mistaken in arguing that Mr. Hall "never identifies any individual BOP provider that specifically knew about Plaintiff's alleged conditions and deliberately chose to ignore them." ECF No. 60 at 13. These allegations state a plausible claim that the BOP has violated Mr. Hall's

constitutional rights and acted arbitrarily, and Mr. Hall can be forgiven for not citing the APA by name in his handwritten complaint.

Last, Mr. Hall argues that his Eighth Amendment failure-to-protect claim against Warden Oliver should not be dismissed. ECF No. 113 at 4. In Mr. Hall's view, Warden Oliver can be held liable for violating his Eight Amendment rights because his administrative grievances were addressed to the warden, providing constructive knowledge of the events that led to the alleged assault. But this allegation is not enough to support Eighth Amendment liability. "[I]n order to establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Deliberate indifference requires actual knowledge of substantial risks to the prisoner, so "[n]either negligence nor constructive notice satisfy" this standard. *Robinson v. Carr*, 99 F.3d 1150, at *4 (10th Cir. 1996) (unpublished) (citing *Farmer v. Brennan*, 511 U.S. 825, 840–42 (1994)). And even if the warden had direct knowledge of Mr. Hall's complaints, that fact alone would not establish that he knew there was a substantial risk that prison officials might retaliate against Mr. Hall for filing these grievances. Thus, Warden Oliver could not be held liable for violating Mr. Hall's Eighth Amendment rights even if, as Mr. Hall alleges, he approved Mr. Hall's transfer to ADX.

**ORDER**

For the reasons set forth above, the Court ADOPTS Magistrate Judge Watanabe's first recommendation [ECF No. 53] and ADOPTS IN PART his second recommendation [ECF No.

97]. Accordingly, defendants Shumard, Monarez, Butz, and Cates' motion to dismiss [ECF No. 41] is GRANTED IN PART and DENIED IN PART. Defendants Oliver, Rhodes, and the BOP's motion to dismiss [ECF No. 60] is GRANTED IN PART and DENIED IN PART. With no claims remaining against defendants Oliver or Rhodes, those defendants are hereby dismissed from this action.

DATED this 21th day of February, 2017.

BY THE COURT:

R. Brooke Jackson
United States District Judge